UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE A. COOK, <br> TDCJ-CID #1427038 <br> Plaintiff, | § § § § | |
| v. | § | Civ. No. CC-08-379 |
| MCCONNELL UNIT, ET AL., <br> Defendants. | § § § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Plaintiff, a prisoner at the McConnell unit in Beeville, Texas, claims that prison officials are violating his constitutional rights by refusing to house him in safekeeping or transfer him off of the unit, despite his belief that his life is in danger. D.E. 7. Plaintiff has filed several motions seeking protective custody (D.E. 8, 10, 12), for preliminary injunction (D.E. 17, 18, 50, 52), a motion to not be placed in certain buildings when he is put back in the general prison population (D.E. 30), and a motion for summary judgment (D.E. 46). The Magistrate Judge recommends denying all of the motions for protective custody and preliminary injunctions and denying summary judgment. D.E. 19, 47, 53. Plaintiff has filed objections to these recommendations. D.E. 26–27, 49, 54, 57. Additionally, the Magistrate Judge recommends dismissing Plaintiff's suit as frivolous or for failure to state a claim. D.E. 42. Plaintiff has not filed objections to this recommendation.

The Magistrate Judge recommends dismissing Plaintiff's suit pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2), 1915A. D.E. 42.

1

Under that act, a prisoner suit brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from that relief. 28 U.S.C. § 1915(e)(2). A plaintiff's action is subject to this screening regardless of whether he pays the filing fee or proceeds *in forma pauperis*. *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam). Plaintiff believes that he is being threatened and targeted by the Aryan Brotherhood ("AB"), and seeks monetary damages, and a new identity, including a new name, Social Security Number, and plastic surgery, so that AB members will not be able to recognize him. D.E. 42.

## I. Legal Standard

A plaintiff suing under 42 U.S.C. § 1983 must allege that a person acting under color of state law violated a right secured by the Constitution and laws of the United States. *See West v. Atkins*, 487 U.S. 42, 48 (1988). When a prisoner cannot prove any set of facts supporting his claim for relief, the action may be dismissed for failure to state a claim upon which relief can be granted. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be read liberally, in favor of the prisoner, and the truth of all pleaded facts must be assumed. *Id.*

Here, Plaintiff sues four prison officials, alleging that each failed to protect him. D.E. 7. He alleges that each of these officials were deliberately indifferent to his safety and seeks relief under 42 U.S.C. § 1983. *Id.* In order to sustain a deliberate indifference claim against a prison official, a plaintiff must show that the official knows that the plaintiff faces a substantial risk of serious harm and still does not take reasonable

measures to abate that risk. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). Deliberate indifference is a higher standard that mere negligence, and requires "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). There is no *respondeat superior* or vicarious liability under § 1983. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). Accordingly, for a supervisory defendant to be liable pursuant to § 1983, he must either be personally involved in the incidents giving rise to the claim or there must be a causal connection between the supervisor's act and the constitutional violation of which the plaintiff complains. *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985). A plaintiff suing under § 1983 must identify defendants who were personally involved in the constitutional violation, or whose acts are causally connected to the alleged violation. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). In addition to these general restrictions on suits under § 1983, the Fifth Circuit has held that "[p]rison officials should be accorded the widest possible deference" in classifying prisoners' custodial status, in order to preserve security and order. *Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008).

## II. Major Ambriz and Major Barber

Plaintiff claims that these defendants questioned him about pending escape plans, screamed at him when he would not give details unless they agreed to protect him, and ordered that he be placed in pre-hearing detention ("PHD") in 11-Building. D.E. 42. Plaintiff claims that this placement could lead others to infer that he had "snitched" and make him vulnerable to attacks. *Id.* He complains that he was not transferred off of the McConnell unit or given safekeeping status. *Id.* However, Plaintiff does not

provide any evidence suggesting that either Major Ambriz or Major Barber were deliberately indifferent to his safety. Plaintiff is the one who contacted prison authorities regarding potential escape plans. Once called in for questioning, he refused to provide further information unless given protection, but would only accept safekeeping or a transfer as satisfactory protection. However, putting Plaintiff in PHD, including a single-person cell and meals brought to the cell, instead of returning him to the general population, is also protective custody, though not to the level Plaintiff would apparently have preferred. The mere fact that Plaintiff received less protection than he would have liked does not mean that Defendants Ambriz or Barber were deliberately indifferent to his safety. Plaintiff has not shown that putting him in PHD posed a substantial risk of serious harm to him, which is required to sustain a claim of deliberate indifference. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Accordingly, the Court adopts the Magistrate Judge's recommendation and dismisses Plaintiff's claims against Defendants Ambriz and Barber for failure to state a claim and as frivolous, pursuant to 20 U.S.C. § 1915(e)(2) and § 1915A(b)(1).

### III. Warden Gutierrez

Next, Plaintiff alleges that Warden Gutierrez was deliberately indifferent to his safety because Gutierrez did not overturn a decision of the Unit Classification Committee ("UCC") denying Plaintiff safekeeping or a transfer. D.E. 42. However, as noted at the *Spears*[1] hearing on this case, a warden does not have the power or the authority to overturn a decision of the UCC. D.E. 42. Review of a UCC decision is done by the State

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Classification Committee. Plaintiff does not submit any evidence or argument showing that Defendant Gutierrez had any authority over where Plaintiff was placed. Additionally, Plaintiff does not appear to have appealed the UCC decision. Plaintiff has not shown that Defendant Gutierrez had any involvement with the decision regarding Plaintiff's classification or placement. Personal involvement with the alleged constitutional violation, or a causal connection between a defendant's conduct and the violation, is an essential element of a *prima facie* case under § 1983. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). Accordingly, the Court adopts the Magistrate Judge's recommendation and dismisses Plaintiff's claims against Defendant Gutierrez for failure to state a claim and as frivolous, pursuant to 20 U.S.C. § 1915(e)(2) and § 1915A(b)(1).

## IV. Brad Livingston

Finally, Plaintiff sues Defendant Livingston, the director of TDCJ—CID, on the grounds that he is "the overall person responsible for inmate safety." Plaintiff does not claim that Defendant Livingston was involved in any decision about Plaintiff's classification or housing, instead attempting to hold him liable on *respondeat superior* grounds. As noted above, there is no *respondeat superior* liability under § 1983. *Reimer v. Smith*, 663 F.2d 1316, 1323 (5th Cir. 1981). There is no causal connection between Defendant Livingston's actions and the alleged violations of which Plaintiff complains. Such connection is necessary for a § 1983 suit. Accordingly, the Court the Magistrate Judge's recommendation and dismisses Plaintiff's claims against Defendant Livingston for failure to state a claim and as frivolous, pursuant to 20 U.S.C. § 1915(e)(2) and § 1915A(b)(1).

When no timely objection to the Magistrate Judge's Memorandum and Recommendation is filed, the Court need only satisfy itself that there is no "clear error" on the face of the record in order to accept the Magistrate Judge's recommendation. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir.1996) (citing FED. R. CIV. P. 72(b) advisory committee's note (1983)).   Having reviewed the pleadings and motions on file, the Court finds no clear error in the Magistrate Judge's recommendation. Plaintiff's case is dismissed as frivolous and for failure to state a claim upon which relief can be granted, pursuant to 20 U.S.C. § 1915(e)(2) and § 1915A(b)(1). All motions currently pending in this case are denied as moot.

ORDERED this __21__ day of __Aug__ 2009.

_____
HAYDEN HEAD
CHIEF JUDGE